———O———

No. 3595.

(Court of Appeal, Parish of Orleans.)

C. G. ROCHAT vs. ROYAL EXCHANGE ASSURANCE.

Appeal from Civil District Court, Division "C."

W. S. Parkerson, for Plaintiff and Appellee.

Jas. E. Zuntz, and Clegg and Quintero, for Defendant and Appellant.

Issues of fact only are involved herein.

DUFOUR, J. The case is fairly stated in defendant's brief as follows:

"This is a suit brought by C. G. Rochat against the Royal Exchange Assurance of London, England, for the sum of $2,000.00, on a policy of insurance for that amount, which policy covered a stock of jewelry belonging to C. G. Rochat. The jewelry insured was located in the premises No. 1043 Carondelet street, in the City of New Orleans, which was not a regular jewelry store, but

which was the residence of a Mr. Zucker, who was the agent representing Mr. C. G. Rochat. The plaintiff claims that at the fire, which occurred on December 4th, all of the property covered by the policy in question, was destroyed, and that the value of the property exceeded the amount of the policy, namely, the sum of $2,000.00. The Insurance Company defended on the ground that the property, which was claimed to have been injured by the fire, was not totally destroyed, and that the damage done by the fire was greatly less than the amount claimed. That a proof of loss was furnished by plaintiff through his agent, which did not truly and correctly state the value of the property insured, or the damage to the property insured; that the proof of loss did not truly state the quantity and quality of the property claimed to have been damaged, and it did not state the ownership correctly; that the proof of loss, which was sworn to falsely and fraudulently misrepresented the amount of the loss, and that therefore the plaintiff was not entitled to any sum whatever, under the terms of the policy."

The testimony of the plaintiff is explicit and to the point, and, with the assistance of his books, he describes the property destroyed and states its value.

A rigid cross-examination did not weaken his testimony, he is not contradicted by any one, and it is apparent that the trial judge believed him.

A mass of testimony was introduced by defendant, some of it proves too much, and some the opposite of what it was intended to prove.

Thus, experts were examined to show that the fire was not hot enough to melt the metal, and yet the proof is conclusive that the firemen at first found it difficult to enter the burning room, and that lumps and fragments of melted metal were found after the fire.

Zucker was out of the city when the fire occurred, and the pre-

mises were taken in charge by the patrol and by Cook, defendant's adjuster.

The defence is an elaborate, though weak and ineffectual attempt to discredit plaintiff and avoid the loss, by numerous far-fetched and improbable conjectures.

Cook, in whose mind the suspicion of fraud seems to have first arisen, after saying that "the condition of the fire was such that practically everything could be indentified," additionally testifies thus:

"Q. I show you a lot of melted matter here, run together, can you identify what that was?

"A. I think so; I initialed in with the letter 'C.'

"Q. What do you think about it?

"A. I don't know.

"Q. Can you tell what it was before?

"A. No.

"Q. You found this thing there?

"A. Yes, it was there with the watches.

"Q. But you cannot identify whether it was a watch, or what it was; you can't tell, can you?

"(Witness is shown some bright metal that had been melted by fire, with the initial 'C' on it, and is asked whether or not he could identify what that came from.)

"A. No, sir."

Any further review of the testimony is unnecessary.

The defense of the "Iron Safe Clause," ignored by defendant's counsel at the argument and in the original brief, is suggested in a supplemental brief.

It is sufficient answer to state that the books were not destroyed and that they show the condition of the business at the time of the loss.

Judgment affirmed.

January 23rd, 1905.

Rehearing refused February 6th, 1905.

Writ or review, etc., refused by Supreme Court, March 13th, 1905.